ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**JUDGE GARDEPHE**

- - - - - - - - - - - - - - - - X

                      :

UNITED STATES OF AMERICA    :    <u>SEALED INDICTMENT</u>

                      :

     - v. -        :    21 Cr.

                      :    **21 CRIM 579**

GEORGE ILOULIAN,        :
    a/k/a "George Illulian,"  :

                      :

        Defendant.     :

                      :

- - - - - - - - - - - - - - - - X

<u>COUNT ONE</u>
**(Conspiracy to Commit Wire Fraud)**

The Grand Jury charges:

1.    At all times relevant to this Indictment, GEORGE ILOULIAN, a/k/a "George Illulian," the defendant, was the owner, president, and chief executive officer of an apparel company ("Company-1") located in New York, New York.

2.    From at least in or about 2010 through at least in or about 2020, GEORGE ILOULIAN, a/k/a "George Illulian," the defendant, and others known and unknown, conspired together to submit fraudulent invoices to United States Customs and Border Protection ("CBP") that understated the value of apparel imported into the United States by Company-1, thereby depriving the United States of hundreds of thousands of dollars of duty revenue.

3.    At all times relevant to this Indictment, Company-1 purchased for resale items from manufacturers located overseas. At the direction of GEORGE ILOULIAN, a/k/a "George Illulian," the

defendant, and others known and unknown, including individuals associated with the overseas manufacturers, prepared and submitted false invoices that enabled Company-1 to pay lower customs duties for the goods it was importing from overseas, thereby depriving the United States of duty revenue. Between at least in or about 2010 through at least in or about 2020, ILOULIAN and his co-conspirators, which included employees of certain overseas manufacturers, achieved lower customs duties on imported goods in two ways: (i) a "double-invoicing scheme," and (ii) a "fabric-type scheme."

## Double-Invoicing Scheme

4.    From at least in or about 2010 through at least in or about 2020, GEORGE ILOULIAN, a/k/a "George Illulian," the defendant, and his co-conspirators engaged in a double-invoicing scheme in order to understate the value of imported goods, thereby avoiding paying customs duties for the full value of the goods. To effect the double-invoicing scheme, ILOULIAN utilized two invoices: One invoice, referred to at times by ILOULIAN and ILOULIAN's co-conspirators as the "Actual Invoice" or "For Payment Invoice," contained higher prices and reflected what Company-1 actually paid overseas manufacturers for apparel. The second invoice, referred to at times by ILOULIAN and ILOULIAN's co-conspirators as the "Customs Invoice" or "For Customs Declaration," contained false lower prices. The information in the

Customs Invoice was submitted by Company-1, through a customs broker (the "Customs Broker"), to CBP. CBP relied on the information from the Customs Invoice in assessing and collecting customs duties from Company-1. Accordingly, by presenting the Customs Invoice to CBP, Company-1 was able to pay a fraudulently lower amount of customs duties than Company-1 actually owed.

5.    In one version of the double-invoicing scheme, Company-1 directed an overseas manufacturer to send to Company-1 two sets of invoices for the same shipment of merchandise, the Actual Invoice and the Customs Invoice. In a second version of the double-invoicing scheme, the overseas manufacturer provided Company-1 with only the Actual Invoice; a Customs Invoice was created by other means and provided by Company-1 to the Customs Broker.

### Fabric-Type Scheme

6.    From at least in or about 2011 through at least in or about 2016, GEORGE ILOULIAN, a/k/a "George Illulian," the defendant, and his co-conspirators also engaged in a fabric-type scheme in order to pay lower customs duties on imported goods. To effect the fabric-type scheme, Company-1 directed an overseas manufacturer to misstate the composition of the fabric in the apparel in order to obtain a lower duty rate. Specifically, the invoice would indicate that the imported goods were predominantly made of cotton rather than from man-made fibers, even though the reverse was true. The information in the invoice was then presented

to CBP, which allowed Company-1 to pay a lower amount of customs duties than Company-1 actually owed, because materials containing more cotton than man-made materials are subject to lower duty rates.

STATUTORY ALLEGATIONS

7.    From at least in or about 2010 through at least in or about 2020, in the Southern District of New York and elsewhere, GEORGE ILOULIAN, a/k/a "George Illulian," the defendant, and others known and unknown, willfully and knowingly, did combine, conspire, confederate, and agree together and with each other to commit wire fraud, in violation of Title 18, United States Code, Section 1343.

8.    It was a part and object of the conspiracy that GEORGE ILOULIAN, a/k/a "George Illulian," the defendant, and others known and unknown, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did transmit and cause to be transmitted by means of wire and radio communications in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343.

(Title 18, United States Code, Section 1349.)

## COUNT TWO
### (Wire Fraud)

The Grand Jury further charges:

9.     From at least in or about 2010 through at least in or about 2020, in the Southern District of New York and elsewhere, GEORGE ILOULIAN, a/k/a "George Illulian," the defendant, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, transmitted and caused to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds, for the purpose of executing such scheme and artifice, to wit, ILOULIAN used wire transmissions to submit, and aid and abet others in submitting, fraudulent invoices to CBP that enabled Company-1 to pay lower customs duties.

(Title 18, United States Code, Sections 1343 and 2.)

## COUNT THREE
### (Effecting the Entry of Falsely Valued Goods)

The Grand Jury further charges:

10.    From at least in or about 2010 through at least in or about 2020, in the Southern District of New York and elsewhere, GEORGE ILOULIAN, a/k/a "George Illulian," the defendant, knowingly effected the entry of goods, wares, and merchandise, at less than

the true weight and measure thereof, and upon a false classification as to quality and value, and by the payment of less than the amount of duty legally due, to wit, ILOULIAN submitted, and aided and abetted others in submitting, fraudulent invoices to CBP that enabled Company-1 to pay lower customs duties.

(Title 18, United States Code, Sections 541 and 2.)

## FORFEITURE ALLEGATIONS

11. As a result of committing the offenses alleged in Counts One, Two, and Three of this Indictment, GEORGE ILOULIAN, a/k/a "George Illulian," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses that ILOULIAN personally obtained.

## SUBSTITUTE ASSET PROVISION

12. If any of the above described forfeitable property, as a result of any act or omission of the defendant:

a.    cannot be located upon the exercise of due diligence;

b.    has been transferred or sold to, or deposited with, a third person;

c.    has been placed beyond the jurisdiction of the Court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 981;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

FOREPERSON

AUDREY STRAUSS
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

GEORGE ILOULIAN,
a/k/a "George Illulian,"

Defendant.

## INDICTMENT

21 Cr.

(18 U.S.C. §§ 541, 1343, 1349, and 2.)

AUDREY STRAUSS
United States Attorney

*Bria Carol*
Foreperson

9/20/21   FILED INDICTM⁴ᵗ, WARRANT ISSUED

COPY/USMJ